UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VINCENT ROSENBALM,<br><br>        Plaintiff,<br><br>    v.<br><br>THOMAS ALLMAN, et al.,<br><br>        Defendants. | 1:11-CV-00306-NJV<br><br>ORDER DISMISSING CASE WITHOUT PREJUDICE |

Plaintiff is proceeding *pro se* in this civil action. On May 3, 2011, the Court entered an order in which it granted Plaintiff sixty days within which to serve Defendants and file proof of service with the Court. Plaintiff was expressly cautioned that his failure to do so might result in dismissal of this case for lack of prosecution. The allotted sixty days passed and Plaintiff did not comply with the Court's order.

On July 21, 2011, the Court entered an order granting Plaintiff ten days within which to show cause why this case should not be dismissed for lack of prosecution. Plaintiff did not file a response to the Court's order to show cause.

It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution. *Link v. Wabash R.R.*, 370 U.S. 626, 630, 82 S.Ct. 1386, 1388 (1962). The factors to be weighed by the Court when considering whether to dismiss a case for lack of prosecution include the court's need to manage its docket, the public interest in expeditious resolution of litigation, and the risk of prejudice to the defendants against the policy favoring disposition of cases on their merits,

and the availability of less drastic sanctions. *Ace Novelty Co. v. Gooding Amusement Co.,* 664 F.2d 761, 763 (9th Cir.1981)*; Anderson v. Air West, Inc.,* 542 F.2d 522, 525 (9th Cir.1976).

In this case, Plaintiff filed his complaint on January 19, 2011. On May 3, 2011, the Court entered an order granting Plaintiff an additional sixty days to serve the complaint. When Plaintiff did not serve the complaint, the Court granted Plaintiff ten days to show cause why this case should not be dismissed for lack of prosecution. Plaintiff did not file a response to the Court's order. Instead Plaintiff filed a rambling, incoherent motion to continue, the intent of which was unclear to the Court and which was denied on July 21, 2011.

The Court finds that Plaintiff is either unwilling or unable to comply with normal procedures in prosecuting this action, and the Court cannot manage Plaintiff's case for him. The public has an interest in limiting the expenditure of Court resources in such cases, and the Court cannot allow them to clog its crowded docket. There is no prejudice to the putative defendants by the dismissal of this action, as they have never been made a party to the action. Finally, in light of Plaintiff's total failure to litigate this action, no lesser sanction exists.

Accordingly, IT IS HEREBY ORDERED that this action is DISMISSED without prejudice for failure to prosecute. The Clerk is directed to terminate this case.

IT IS SO ORDERED.

Dated: August 31, 2011

NANDOR J. VADAS
United States Magistrate Judge

2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EUREKA DIVISION

| | |
|---|---|
| VINCENT ROSENBALM,<br><br>       Plaintiff,<br><br>v.<br><br>THOMAS ALLMAN, et al.,<br><br>       Defendants.              / | No. CV 11-00306 NJV<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that on August 31, 2011, I served a true and correct copy of the attached by placing said copy in a postage paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail.

Vincent Rosenbalm
P.O. Box 147
Seaside, OR 97138

Dated: August 31, 2011

                                                               *Linn Van Meter*
                                                         _____
                                                                  Linn Van Meter
                                                 Administrative Law Clerk to the
                                                  Honorable Nandor J. Vadas